UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CECIL ELMORE, JR., <br><br>                     Plaintiff, <br><br> -against- <br><br> BURGER KING COMPANY LLC; DOE 1; DOE 2, <br><br>                     Defendants. | 1:24-CV-5794 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Cecil Elmore, Jr., who alleges that he is a citizen of the State of New York, brings this *pro se* action, invoking the court's federal question jurisdiction and diversity jurisdiction, and asserting claims under Title II of the Civil Rights Act of 1964 and, possibly, under state law. He sues the Burger King Company LLC ("BK") and two unidentified "Doe" defendants who, he alleges, are employees of a BK restaurant located in Los Angeles, California. Plaintiff seeks damages, injunctive relief, and declaratory relief. For the following reasons, the Court transfers this action to the United States District Court for the Central District of California.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff specifies that BK has its principal place of business in Miami, Florida, and conducts business in Los Angeles, California, where it owns and operates a restaurant where the "Doe" defendants work. (ECF 1, at 2-3.) Thus, it would appear that, for venue purposes, under Section 1391(c)(2), BK is considered a resident of the Southern District of Florida, within which Miami, Florida, is located, *see* 28 U.S.C. § 89(c), and is additionally considered a resident of the Central District of California, within which Los Angeles, California, is located, *see* 28 U.S.C. § 84(c)(2). It is possible that BK, a nationwide fast food restaurant chain business, also resides within the State of New York and within this judicial district.[1] Yet, while Plaintiff does allege that the "Doe" defendants work at a BK restaurant in Los Angeles, California, he does not allege where they reside. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff also alleges that the events that are the bases for his claims occurred at a BK restaurant in Los Angeles, California. Accordingly, under Section 1391(b)(2), the United States District Court for the Central District of California is a proper venue for this action. As Plaintiff asserts nothing to suggest that any of the alleged events occurred within this judicial district, this court is not a proper venue for this action under Section 1391(b)(2).

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. See 28 U.S.C. § 112(b).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The alleged events that are the bases for Plaintiff's claims occurred in Los Angeles, California, within the Central District of California. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Central District of California, therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Central District of California. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  August 13, 2024
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                            Chief United States District Judge